Rosa Munoz MARTINEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74228.
Agency No. A70–030–681.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided March 15, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office Of The District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Joan E. Smiley, Esq., Earle B. Wilson, Margot L. Nadel, DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, PREGERSON, and BRUNETTI, Circuit Judges.

MEMORANDUM *

Rosa Munoz–Martinez ("Munoz–Martinez"), a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA, without opinion, affirmed the Immigration Judge's decision denying Munoz–Martinez's motion to reopen removal proceedings so that she could apply for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

benefits under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), §§ 201–203, Pub.L. No. 105–100, 111 Stat. 2160. We have jurisdiction pursuant to section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252 (2000). We grant the petition and remand for further proceedings.[1]

Munoz–Martinez was placed in removal proceedings in 1997. At her merits hearing in front of the Immigration Judge ("IJ"), Munoz–Martinez conceded removability but requested voluntary departure. The IJ granted this request and gave Munoz–Martinez until February 26, 1998 to depart the United States. Munoz–Martinez did not depart by that date but instead filed a motion to reopen her removal proceedings in order to apply for benefits under NACARA.[2] The IJ denied the motion, concluding that Munoz–Martinez was not eligible for relief under NACARA because she had failed to depart pursuant to the earlier grant of voluntary departure.

Title 8 C.F.R. § 240.65 establishes the eligibility requirements for relief under NACARA and provides in relevant part that "the applicant ... must not be subject to any bars to eligibility in former section 242B(e) of the [INA], as in effect prior to April 1, 1997." 8 C.F.R. § 240.65(a). Former section 242B(e) of the INA rendered an alien ineligible for certain forms of immigration relief for five years if he or she failed to depart the country pursuant to a grant of voluntary departure. *See* 8 U.S.C. § 1252b(e)(2)(A) (Supp.1995). In order for the statutory bar to apply, however, an alien must be given written *and* oral warnings about the consequences of failing to comply with a grant of voluntary departure. *See* 8 U.S.C. § 1252b(e)(2)(B) (Supp.1995). Because of the serious consequences involved for the alien, we have interpreted the notice requirements strictly against the government. *See Ordonez v. INS,* 345 F.3d 777, 783–84 (9th Cir.2003) (holding that a generalized oral warning was insufficient and rendered the statutory bar inapplicable).

In this case, the record does not establish that Munoz–Martinez was given any oral warnings regarding the consequences of her failure to depart pursuant to the grant of voluntary departure. Our precedent in *Ordonez* and the plain language of the statute dictate that the bar in former section 242B therefore cannot be applied to Munoz–Martinez.[3] The Immigration Judge abused her discretion in denying Munoz–Martinez's motion to reopen on that basis. We therefore remand the case to the BIA with directions that Munoz–Martinez be allowed to reopen proceedings in order to apply for benefits under NACARA.

**PETITION GRANTED, REMANDED** with directions.

---

1. Because the BIA decision was without opinion, we review the IJ's order as the final agency determination. *See* 8 C.F.R. § 1003.1(e) (2003). We review the decision to deny a motion to reopen for an abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

2. Munoz–Martinez could not have applied for NACARA benefits at the original hearing in October 1997: the NACARA statute was not enacted until November 19, 1997.

3. We also note that, insofar as Munoz–Martinez is applying for suspension of deportation under NACARA, the IJ's written warnings were also insufficient in that they did not put Munoz–Martinez on notice that she would become ineligible for suspension of deportation if she failed to comply with the grant of voluntary departure.